**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE GERO, | No. 19-15751 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-04449-JSC |
| v. | |
| UNITED STATES GOVERNMENT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding[**]

Submitted June 2, 2020[***]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Bruce Gero appeals pro se from the district court's summary judgment in his

Federal Tort Claims Act ("FTCA") action alleging medical malpractice.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *JL Beverage Co., LLC*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment because Gero failed to submit expert medical evidence to support his medical malpractice claim as required under California law. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (FTCA actions are governed by the substantive law of the state in which the alleged tort occurred); *Powell v. Kleinman*, 59 Cal. Rptr. 3d 618, 626 (Ct. App. 2007) ("Whenever the plaintiff claims negligence in the medical context, the plaintiff must present evidence from an expert that the defendant breached his or her duty to the plaintiff and that the breach caused the injury to the plaintiff."); *Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Ct. App. 2006) (elements of medical malpractice claim under California law).

Contrary to Gero's contention, the district court properly concluded that the "common knowledge" exception and the doctrine of res ipsa loquitur did not apply. *See Ewing v. Northridge Hosp. Med. Ctr.*, 16 Cal. Rptr. 3d 591, 600-01 (Ct. App. 2004) (discussing the "common knowledge" exception to expert evidence in the context of medical malpractice); *Elcome v. Chin*, 1 Cal. Rptr. 3d 631, 636-7 (Ct. App. 2003) (res ipsa loquitor in the medical malpractice context).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-15751

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We reject as meritless Gero's contentions of fraud.

Gero's request to participate in the Ninth Circuit mediation program is denied.

**AFFIRMED**.